# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV21-03122 JAK (AGRx) | Date | July 7, 2021 |
| Title | The Law Offices of Kristina Wildeveld and Associates v. Tracy Lee Hurst, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 9)**

**JS-6: CASE TERMINATED**

## I. Introduction

On February 23, 2021, The Law Offices of Kristina Wildeveld & Associates ("Plaintiff") brought this action in the Eighth Judicial Circuit Court, Clark County, Nevada against the following: Tracy Lee Hurst ("Hurst"), individually and as trustee of the Mary V. Naphtali Irrevocable Trust and as trustee of the Tracy Lee Hurst Living Trust; the Mary V. Naphtali Irrevocable Trust; the Tracy Lee Hurst Living Trust; and five unnamed Defendants. The Complaint (Dkt. 1 at 5) advances four causes of action seeking recovery for alleged, unpaid legal fees. *Id.* ¶¶ 34-71.

On April 12, 2021, Hurst and the Tracy Lee Hurst Living Trust (the "Removing Defendants") removed the action on the basis of diversity jurisdiction. Dkt. 1 ("NOR"). On May 6, 2021, Plaintiff filed a Motion to Remand. Dkt. 9 (the "Motion"). An opposition was due on May 27, 2021, but none was filed. The Removing Defendants were directed to file an opposition on or before June 30, 2021, but none was filed. Dkt. 11.

Pursuant to L.R. 7-15, the issues presented by the Motion can be decided without a hearing. For the reasons stated in this Order, the Motion is **GRANTED**, and this action is remanded to the Eighth Judicial Circuit Court, Clark County, Nevada. The Scheduling Conference (Dkt. 7) is **VACATED.**

## II. Factual Background

### A. Parties

Plaintiff is a Nevada limited liability corporation. Complaint ¶ 2. Hurst is alleged to be a resident of Clark County, Nevada. *Id.* ¶ 3. The Mary V. Naphtali Irrevocable Trust is alleged to be wholly owned and controlled by Hurst and located in Clark County, Nevada. *Id.* ¶ 4. The Tracy Lee Hurst Living Trust is also alleged to be wholly owned by Hurst and located in Clark County, Nevada. *Id.* ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03122 JAK (AGRx) | Date | July 7, 2021 |
|---|---|---|---|
| Title | The Law Offices of Kristina Wildeveld and Associates v. Tracy Lee Hurst, et al. | | |

    B.  Substantive Allegations in the Complaint

The Complaint alleges that Hurst brought an action against PennyMac Holdings in a Nevada state court in August 2016. *Id.* ¶ 10. It is then alleged that in April 2020, Hurst contacted Plaintiff to represent her and that they subsequently entered into a written fee agreement. *Id.* ¶¶ 12, 14, 18-19. It is then alleged that despite the successful outcome in the litigation, Hurst refused to make payments and ultimately ended contact with Plaintiff. *Id.* ¶¶ 27-29. It is alleged that the outstanding balance of attorney's fees is $60,450.00. *Id.* ¶ 32.

    C.  Allegations in the Notice of Removal

Contrary to the Complaint, the Notice of Removal alleges that the Removing Defendants are domiciled in, and citizens of California. NOR ¶¶ 3, 8. It is also alleged that Plaintiff is domiciled in Nevada. *Id.* ¶ 9. Finally, it is alleged that the amount in controversy exceeds $75,000. *Id.* ¶ 5.

**III.**  **Evidence Submitted by Plaintiff**

In support of the Motion, Plaintiff submitted 21 exhibits. Dkt. 10 (the "Exhibit List"). Plaintiff did not provide a declaration or other statement as to their claimed admissibility. Accordingly, the Exhibit List is construed as a request for judicial notice.

Plaintiff's Exhibits 2-16 and 21 are documents or docket sheets from various judicial proceedings, including the state proceedings in this matter. In many of these documents, Hurst identified herself as a Nevada resident. Courts may take "notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)); *see also McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("[P]leadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201."). Therefore, judicial notice is granted as to these exhibits; provided, however, that as to the documents regarding Hurst's residence, it is only as to the fact that she repeatedly has identified herself as a Nevada resident.

Plaintiff also submitted a copy of the Civil Cover Sheet submitted in connection with the Notice of Removal. It states that the Complaint demands an award of $110,000, and that Plaintiff, rather than Defendants, reside in California. *Id.* at 6. Because the Civil Cover Sheet is on the docket in this action, Dkt. 2, it can be considered without taking judicial notice of it.

The remaining exhibits, which are numbered 17-20, include emails between Plaintiff's counsel and staff of the office of Defendant's counsel, and information from a public records search. Because these exhibits are not material to the issues presented by the Motion, they are not considered in connection with the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-03122 JAK (AGRx) | Date | July 7, 2021 |
| Title | The Law Offices of Kristina Wildeveld and Associates v. Tracy Lee Hurst, et al. | | |

### IV. **Motion to Remand**

    A.    Legal Standards

        1.    Procedural Requirements for Removal

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Such a motion may be brought to challenge a "defect" in the removal, *i.e.*, "a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009).

An action pending in state court must be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). All defendants must join in or consent to the removal of the action. *Id.* § 1446(b)(2)(A). Further, a notice of removal must be filed within thirty days of the defendant's receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). However, when it is not apparent from the face of the initial pleading that the action is removable, "a notice of removal may be filed within thirty days after receipt by the defendant... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) ("Once defendant is on notice of removability, the thirty-day period begins to run.").

        2.    Diversity Jurisdiction

In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove that amount by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)).

The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Valdez,* 372 F.3d at 1117. Rather, the removing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-03122 JAK (AGRx) | Date | July 7, 2021 |
| Title | The Law Offices of Kristina Wildeveld and Associates v. Tracy Lee Hurst, et al. | | |

must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.* The removing party may present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id*. (quoting *Matheson*, 319 F.3d at 1090).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

        3.      <u>Costs and Attorney's Fees</u>

When the removing party does not state or demonstrate an objectively reasonable basis for removal, a court may award costs and attorney's fees to the party who succeeds on a motion to remand. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 552 (9th Cir. 2018). However, removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id*. (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). Further, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

    B.      Application

        1.      <u>Whether Removal Was Timely</u>

Plaintiff argues that the removal was not timely. This action was removed on April 12, 2021. Plaintiff submitted proofs of service showing that all Defendants were personally served on February 27, 2021. Therefore, the first 30-day period expired on March 29, 2021. In the Notice of Removal, the Removing Defendants did not argue that a different, later filing triggered the second 30-day period under 28 U.S.C. § 1446(b)(3). Rather, they stated that removal was timely because on April 7, 2021, Defendant's counsel received an emailed copy of the Complaint from Plaintiff. NOR ¶ 2. Because the Removing Defendants had already been properly served with the Complaint, the April 7, 2021 date is not material. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the *receipt by the defendant*.") (emphasis added).

Based on the foregoing, Plaintiff has shown that the removal of this action was untimely. This presents a sufficient basis to remand the action. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). However, the remaining objections are also considered, because they affect the consideration of Plaintiff's request for an award of fees and costs.

        2.      <u>Whether All Defendants Consented to Removal</u>

Plaintiff argues that the removal was improper because the Mary V. Naphtali Irrevocable Trust did not consent. To establish "unanimous joinder," at least one defendant must file a "timely removal notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03122 JAK (AGRx) | Date | July 7, 2021 |
|---|---|---|---|
| Title | The Law Offices of Kristina Wildeveld and Associates v. Tracy Lee Hurst, et al. | | |

containing an averment of the other defendants' consent and signed by an attorney of record[.]" *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

Although the trust is a named Defendant in the Complaint, it was not named in the NOR. Nor did counsel for the Removing Defendants certify that the trust had consented to removal. Although this could reflect an error by counsel, due to excusable neglect, the Removing Defendants have failed to address the error or otherwise respond to the Motion. Because it cannot be determined whether all Defendants consented to removal, the NOR is procedurally defective. *See Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267 (D. Or. 2001) (collecting cases).

### 3. Whether the Amount in Controversy Was Satisfied

Plaintiff also contends that remand is required due to the lack of diversity jurisdiction. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also* 28 U.S.C. § 1446(c)(2)(A) ("If removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"). The Complaint seeks damages of $60,000. Dkt. 1 at 17. Even if Defendants believed that this demand was "understated," it was their "burden to show by a preponderance of the evidence" that the amount in controversy exceeded the jurisdictional amount. *Ibarra*, 775 F.3d at 1197. The NOR alleges that the amount in controversy exceeds $75,000. NOR ¶ 5. No basis for this conclusory statement is provided. Nor did the Removing Defendants present any "summary-judgment type evidence" that would make it "more likely than not" that the amount in controversy requirement is satisfied. Thus, the Removing Defendants have not met their burden to show diversity jurisdiction. *Gaus*, 980 F.2d at 566.

### 4. Whether the Action Was Removed to the Proper District

Finally, Plaintiff contends that the action could only have been removed to the District of Nevada.. Because the Complaint was filed in a Nevada state court, the District of Nevada is "the district court of the United States…embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, district courts in the Ninth Circuit generally agree that "[r]emoval to the proper district…presents a procedural (as opposed to jurisdictional) defect curable by transfer to the proper venue. *Calloway v. Pankopf*, No. 3:12–cv–00441–MMD–WGC, 2015 WL 1330553, at *7 (D. Nev. Mar. 25, 2015) (collecting cases); *but see Maysey v. CraveOnline Media, LLC*, No. CV 09–1364–PHX–JAT, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009) ("When a party removes a case to the improper federal court district, that district court's appropriate response should be to remand the case back to state court and not to transfer it…to the proper district."). In light of the other deficiencies noted above, it is unnecessary to resolve whether this additional one, standing alone, would itself require remand or transfer to the District of Nevada.

### 5. Whether Defendants Lacked an Objectively Reasonable Basis for Removal

For the reasons stated above, the NOR contained substantial procedural and jurisdictional deficiencies. Plaintiff also argues that the NOR contained false jurisdictional allegations, *i.e.*, that Defendants were domiciled in California, and that the Civil Cover Sheet also contained false information. In support of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03122 JAK (AGRx) | | Date | July 7, 2021 |
|---|---|---|---|---|
| Title | The Law Offices of Kristina Wildeveld and Associates v. Tracy Lee Hurst, et al. | | | |

these arguments, Plaintiff notes that Hurst has repeatedly identified herself as a Nevada resident in other actions. Thus, Plaintiff argues that the removal based on diversity jurisdiction was in bad faith. This factor is also relevant to whether fees should be awarded. *Martin*, 546 U.S. at 140 ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]").

Based on the foregoing, it is appropriate to award reasonable attorney's fees and costs to the moving parties. *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (district court retains jurisdiction after remand to entertain fee motions). This determination is also supported by the failure of the non-moving parties to respond to the Motion. On or before July 16, 2021, the moving parties may file any application for an award of attorney's fees and costs ("Application"), which includes supporting evidence as to their reasonableness under the circumstances presented in this action. The non-moving parties shall file any response, which includes any supporting evidence, within 10 days of service of the Application. No reply brief is warranted. Upon the filing of any opposition, or the failure to do so in a timely manner, the Application will be taken under submission, with a written ruling to follow.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is remanded to the Eighth Judicial Circuit Court, Clark County, Nevada, case number A-16-742257-C. Jurisdiction is reserved with respect to the Application, which shall be briefed in accordance with the schedule stated in this Order.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | tj |  |